Lara P. Besser (SBN 282289)
Suzana I. Sinatra (SBN 201727)
Taylor A. Hart (SBN 359813)
JACKSON LEWIS P.C.
225 Broadway, Suite 1800
San Diego, CA 92101
Telephone: (619) 573-4900
Facsimile: (619) 573-4901
Lara.Besser@jacksonlewis.com
Susan.Sinatra@jacksonlewis.com
Taylor.Hart@jacksonlewis.com

Attorneys for Defendant
FMG SUITE, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| TAMMY TAUFA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>FMG SUITE, LLC, a Delaware limited liability company, and DOES 1-50,<br><br>　　　　　Defendant. | Case No.: 24CU020142C<br><br>[Assigned for all purposes to Hon. Joel R. Wohlfeil, Dept. C-73]<br><br>**CLASS ACTION**<br><br>**ANSWER FILED ON BEHALF OF DEFENDANT FMG SUITE, LLC TO PLAINTIFF TAMMY TAUFA'S FIRST AMENDED COMPLAINT**<br><br>Complaint filed:　　October 30, 2024<br>FAC filed:　　　　　January 29, 2025<br>Trial Date:　　　　　Not Assigned |

**TO THE HONORABLE COURT, PLAINTIFF TAMMY TAUFA, AND TO HER ATTORNEYS OF RECORD:**

COMES NOW Defendant FMG SUITE, LLC ("Defendant") on behalf of itself and for no other defendant, and hereby responds to the First Amended Complaint filed by Plaintiff TAMMY TAUFA ("Plaintiff"), as follows:

///

///

///

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies every allegation contained in the First Amended Complaint and denies that Plaintiff has suffered any injury or been damaged in any sum whatsoever.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's First Amended Complaint and the causes of action alleged therein, and without conceding that Defendant bears the burden of proof or persuasion as to any of Plaintiff's causes of action, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

1. To the extent that Plaintiff seeks to recover wages, penalties or other monies for a period of time earlier than prescribed by the statute of limitations, Plaintiff's claims are barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure §§ 337, 338, 338(a), 339, 340, 340(a), 340(b) and 343, and Business & Professions Code § 17208, and California Labor Code § 2699.3, to the extent Plaintiff, alleged putative class members, and alleged aggrieved employees seek recovery in excess of the time limitations set forth in these statutes.

## SECOND AFFIRMATIVE DEFENSE

### (Voluntary Waiver of Meal Periods)

2. Plaintiff's Second Cause of Action for failure to provide meal periods is barred in whole or in part to the extent Defendant provided meal periods in compliance with California law, and Plaintiff and the putative class members she purports to represent voluntarily waived meal breaks as allowed by the relevant provisions of the IWC Wage Orders.

## THIRD AFFIRMATIVE DEFENSE

### (Offset)

3. Without admitting the allegations of the First Amended Complaint, but rather expressly denying them, Defendant is entitled to an offset for amounts Plaintiff, the alleged putative class members, and the alleged aggrieved employees owe Defendant for receipt of any wages and other benefits to which they were not entitled or did not earn. (See *Witt v. Jackson* (1961) 57 Cal.2d 57.)

## FORTH AFFIRMATIVE DEFENSE

**(All Due Compensation Paid)**

4. The First Amended Complaint is barred, in whole or in part because Defendant paid Plaintiff, the alleged putative class members, and the alleged aggrieved employees employed by Plaintiff's employer all income, compensation and pay to which they have ever been entitled to under the applicable Wage Orders of the Industrial Welfare Commission or any other law, including, but not limited to, the California Labor Code.

## FIFTH AFFIRMATIVE DEFENSE

**(No Willful Violation / Good Faith Dispute)**

5. Any purported liability for wage statement penalties or waiting time penalties pursuant to Labor Code sections 226 and 203 are barred because Defendant did not willfully violate any provisions or the California Labor Code, and a good faith dispute as to whether Defendant owed Plaintiff, the alleged putative class members, and the alleged aggrieved employees any monies. Any alleged failure or omission by Defendant was not willful. (Title 8 Cal. Code Regs. §13520.)

## SIXTH AFFIRMATIVE DEFENSE

**(No Knowing and Intentional Failure)**

6. Defendant alleges that, even assuming arguendo Plaintiff, the alleged putative class members, and the alleged aggrieved employees were not provided with a proper itemized statement of wages and deductions, Plaintiff, the alleged putative class members, and the alleged aggrieved employees are not entitled to recover damages because Defendant's alleged failure to comply with California Labor Code Section 226(a) was not a "knowing and intentional failure" under section 226(e).

## SEVENTH AFFIRMATIVE DEFENSE

**(Failure to Properly Record Time Worked and Breaks Taken)**

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff or any current or former employee she seeks to represent failed to work or record all time worked, and failed to take or record all breaks taken, as reasonably permitted, expected, or required by Defendant.

///

///

## EIGHTH AFFIRMATIVE DEFENSE

**(Expenses Not Necessary or Reasonable)**

8. Plaintiff's First Amended Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, or recovery is precluded to the extent that, Plaintiff or the current and former employees she seeks to represent seek reimbursement of expenses that were neither necessary nor reasonable in the fulfillment of employment duties.

## NINTH AFFIRMATIVE DEFENSE

**(No Injury)**

9. Defendant alleges that, even assuming arguendo Plaintiff, the alleged putative class members, and the alleged aggrieved employees were not provided with a proper itemized statement of wages and deductions, Plaintiff, the alleged putative class members, and the alleged aggrieved employees are not entitled to recover damages because they did not suffer any injury.

## TENTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust)**

10. Plaintiff's claims and the claims of the allegedly aggrieved employees she purports to represent are barred, in whole or in part, because Plaintiff failed to exhaust appropriate administrative and internal remedies and prerequisites. Defendant further alleges that Plaintiff failed to give timely and sufficient notice of the alleged statutory violations to the California Labor and Workforce Development Agency and to Defendant, as required by California Labor Code § 2699.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Adequate Remedy At Law)**

11. Plaintiff and the allegedly aggrieved employees she purports to represent are not entitled to a recovery of equitable relief, including any relief requested pursuant to California Business & Professions Code section 17200 *et seq.* because of the existence of an adequate remedy at law.

///

///

///

///

## TWELFTH AFFIRMATIVE DEFENSE

(**Excessive Fines**)

12. To the extent Plaintiff seeks to recover liquidated damages or any penalties that are disproportionate to the actual harm suffered, if any, such an award under the circumstances of this case would constitute and excessive fine and would otherwise be in violation of Defendant's due process and other rights under the United States Constitution

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Unjust, Arbitrary, Oppressive, or Confiscatory Award)**

13. Plaintiff's First Amended Complaint is barred, in whole or in part, to the extent that any recovery would be unjust, arbitrary, oppressive, or confiscatory within the meaning of California Labor Code Section 2699(e)(2).

## FIRST AFFIRMATIVE DEFENSE

**(Manageability)**

14. Plaintiff's First Amended Complaint is barred, in whole or in part, because Plaintiff cannot establish that each aggrieved employee Plaintiff purports to represent in this action personally suffered each of the alleged violations, as required by Labor Code section 2699(c)(1). Plaintiff's claims are not susceptible to common proof, are fact intensive, and require highly individualized inquiries to determine whether Plaintiff or any other person is an aggrieved employee. As such, adjudicating Plaintiff's claims on a non-individual, representative basis would present intractable manageability issues that would deprive Defendant of its due process right to a fair trial on the merits.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(No Jury Trial for Unfair Competition Claim)**

15. Plaintiff, the alleged putative class members, and the alleged aggrieved employees are not entitled to a jury trial of their purported claims alleged under California Business and Professions Code Section 17200. The claims must, instead, be adjudicated by way of a bench trial. (See *Nationwide Biweekly Administration, Inc. v. Superior Court* (2020) 9 Cal. 5th 279, 324.)

///

///

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Jury Trial for PAGA Claim)

16. Plaintiff, the alleged putative class members, and the alleged aggrieved employees are not entitled to a jury trial of their purported claims alleged under PAGA. The claim must, instead, be adjudicated by way of a bench trial. (See *LaFace v. Ralphs Grocery Co.* (2022) 75 Cal.App. 5th 388, 402; *Turner v. Luxer Corp.*, (June 9, 2021) 2021 Cal. Super. Lexis 85455 (Cal. Sup. Ct., Sacramento Cty).)

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Willful, Knowing, or Intentional Failure to Comply with Labor Code)

17. Plaintiff is barred from recovering any civil penalty under the Private Attorneys General Act for alleged violations of Labor Code sections 201, 202, 203, 204, or 226 because Defendant did not willfully, knowingly, or intentionally fail to comply with the Labor Code

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Isolated, Nonrecurring Event)

18. Assuming *arguendo* that a civil penalty under the Private Attorneys General Act is recoverable, which Defendant denies, the civil penalty must be capped at $50 for each aggrieved employee per pay period under Labor Code § 2699(f)(2)(A)(ii) because the alleged violation resulted from an isolated nonrecurring event that did not extend beyond the lesser of thirty (30) consecutive days or four consecutive pay periods.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant alleges that Plaintiff's First Amended Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exists. Defendant will rely on any additional defenses that become available or appear during discovery and specifically reserves the right to amend this Answer for purposes of asserting such additional affirmative defenses.

///

///

///

///

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff, putative class members, and alleged aggrieved employees take nothing by the First Amended Complaint;

2. That the First Amended Complaint be dismissed in its entirety with prejudice;

3. That Plaintiff, putative class members, and alleged aggrieved employees be denied each and every demand and prayer for relief contained in the First Amended Complaint;

4. For cost of suits incurred herein, including reasonable attorneys' fees; and

5. For such other and further relief as the Court deems just and equitable.

DATED: April 21, 2025                     JACKSON LEWIS P.C.

By: *Suzan Sinatra*
Lara P. Besser
Suzan I. Sinatra
Taylor Hart

Attorneys for Defendant
FMG SUITE, LLC

4917-6914-6660, v. 2

# PROOF OF SERVICE

## SUPERIOR COURT OF SAN DIEGO

CASE NAME:     TAMMY TAUFA v. FMG SUITE, LLC

CASE NUMBER:   24CU020142C

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 225 Broadway, Suite 1800, San Diego, California 92101.

On **April 21, 2025** I served the foregoing document described as:

- **ANSWER FILED ON BEHALF OF DEFENDANT FMG SUITE, LLC TO PLAINTIFF TAMMY TAUFA'S FIRST AMENDED COMPLAINT**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

Thomas E. Daugherty, Esq.
KLINEDINST PC
501 West Broadway, Suite 1100
San Diego, CA 92101
Telephone: (619) 400-8000
Fax: (619) 238-8707
Tdaugherty@klinedinstlaw.com

Attorneys for Plaintiff
TAMMY TAUFA

[X] **E-MAIL:** I caused the foregoing document(s) to be served by e mail to the address(es) indicated herein. I did not receive, within a reasonable time after the transmission, any e mail or other indication that the transmission was unsuccessful.
My e-mail address is Stefano.Ramirez@jacksonlewis.com.

[X]   **STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **April 21, 2025** at San Diego, California.

STEFANO R. ENCARNACION